UNITED STATES of America,
Appellee,

v.

Jose HENRIQUEZ–ALVARADO, also known as Angel L. Acevedo–Perez, Defendant–Appellant.

No. 08–3850–cr.

United States Court of Appeals,
Second Circuit.

Dec. 11, 2009.

David A. Lewis, Federal Defenders of New York, Inc., Appeals Bureau, New York, N.Y., for Defendant–Appellant.

Nicole W. Friedlander (Katherine Polk Failla, of counsel), for Preet Bharara, United States Attorney for the Southern District of New York, New York, N.Y., for Appellee.

Present: PIERRE N. LEVAL, B.D. PARKER, and RICHARD C. WESLEY, Circuit Judges.

---

## SUMMARY ORDER

Defendant–Appellant Jose Henriquez–Alvarado was convicted in the United States District Court for the Southern District of New York (Marrero, *J.*), upon a guilty plea, of one count of illegal reentry into the United States after a previous conviction of an aggravated felony in violation of 8 U.S.C. § 1326(a) and (b)(2). He was sentenced to 30 months of incarceration and three years of supervised release and required to pay a $100 special assessment.

It was not clearly erroneous for the district court to determine that Defendant–Appellant did not, contrary to his contention, return to the United States in order to gain lawful employment so as to be able to provide medication for his ailing parents and brother. *See United States v. Garcia,* 413 F.3d 201, 221–22 (2d Cir.2005). As the district court noted, this contention was belied by Defendant–Appellant's subsequent possession of drugs and involvement with another individual in possession of drugs. Even if there were clear error in this finding, the district court indicated that any such error had no impact on the sentence because Defendant–Appellant's narcotics-related arrests after reentry undermined his related request for leniency. *See, e.g., United States v. Dos Reis,* 369 F.3d 143, 151 (2d Cir.2004).

Accordingly, the order of the district court is hereby **AFFIRMED.**